UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACOB CRAM,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-992-DRL-JEM

WILLIAM HYATTE *et al.*,

    Defendants.

OPINION AND ORDER

Jacob Cram, a prisoner without a lawyer, filed a complaint. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Cram alleges that he was attacked by other inmates who are gang members and told he would be killed on July 23, 2020. He was placed in administrative segregation pending a determination of whether he qualified for protective custody. The review committee included I.A. Officer Johnson, UTM Byrum, and CM Issac. On September 9, 2020, CM Isaac told Mr. Cram he would be returning to population. Mr. Cram said his life was in danger, but he was still forced to return to population. Two days later, on

September 11, 2020, he was assaulted by inmates from different gangs. He suffered serious injuries and was taken to an outside hospital for treatment.[1]

He returned to administrative segregation on October 26, 2020. On June 6, 2021, he was interviewed by Ms. Stohl and I.A. Officer Snow. They took pictures of his injuries and supposedly requested a transfer. At the time Mr. Cram filed his complaint, he remained in segregation where he is confined to his cell twenty-four hours a day and removed only once every three days for a shower. Occasionally someone comes by with a paper that allegedly constitutes a review of his status. Sometimes Mr. Cram is asked to sign it and sometimes he isn't. Mr. Cram contends that this isn't a meaningful review of his segregation status, and that he hasn't had a meaningful review of his status since October 26, 2020. Mr. Cram is suing William Hyatte, I.A. Officer Johnson, I.A. Officer Snow, U.T.M. Byrum, C.M. Ms. Stohl, C.M. Isaac, and C.M McKinney. He alleges that his continued detention in segregation without meaningful review violates the Fourteenth Amendment's due process clause.

---

[1] It's unclear if Mr. Cram is raising a claim against these defendants for failure to protect, but to the extent he is, he hasn't stated a claim. When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). Mr. Cram has not alleged facts from which it can be inferred that any defendant drew an inference that there was a substantial risk of serious harm to him if he was returned to general population. Furthermore, Mr. Cram didn't initiate this lawsuit until December 5, 2022, which was more than two years after he was assaulted. Indiana's two-year limitations period applies to this case. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Thus, the claim appears to be time-barred, and it's unclear what, if anything, prevented Mr. Cram from bringing this claim in a timely manner.

The Constitution doesn't create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general prison population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472 (1995). Instead, an inmate will be entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. After *Sandin*, inmates have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005). However, placement in long-term segregation approaching a year or more can implicate a liberty interest, requiring further inquiry into whether the conditions of confinement impose an atypical, significant hardship. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009). Mr. Cram was placed in segregation on October 26, 2020, and remained in segregation when he placed his complaint in the prison mailbox on December 5, 2022. This is sufficiently long to implicate a liberty interest, and the conditions he describes are considerably harsher than those of general population.

If liberty attaches, "'a meaningful review . . . is one that evaluates the prisoner's current circumstances and future prospects, and, considering the reason(s) for his confinement to the program, determines whether that placement remains warranted.'" *Isby v. Brown*, 856 F.3d 508, 527 (7th Cir. 2017) (quoting *Toevs v. Reid*, 685 F.3d 903, 913-14 (10th Cir. 2012) (alteration original)). Mr. Cram has sued the defendants

involved in denying him protective custody and the officers who investigated following the attacks, but it is unclear from the complaint which of the defendants, if any, are responsible for denying him a meaningful review of his current status.[2] [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009). Therefore, Mr. Cram has not stated a due process claim.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Cram may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Jacob Cram until **October 11, 2023**, to file an amended complaint; and

(2) CAUTIONS Jacob Cram if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

---

[2] William Hyatte and C.M. McKinney are both named as defendants, but neither are mentioned in the body of Mr. Cram's complaint.

SO ORDERED.

September 13, 2023

*s/ Damon R. Leichty*
Judge, United States District Court